# Exhibit "B"

Filing # 240700864 E-Filed 01/30/2026 05:10:19 PM

IN THE CIRCUIT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO. 2025-025232-CA-01

FRONTIER AIRLINES, INC.,

    Plaintiff,

v.

AMERICAN AIRLINES, INC.,

    Defendant.

## DEFENDANT AMERICAN AIRLINES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, American Airlines Inc. ("American") files this Answer and Affirmative Defenses to Plaintiff's Complaint for Damages and Demand for Jury Trial ("Complaint"), and would respectfully plead as follows as to the allegations made therein.

### INTRODUCTION

The statements made in this paragraph are a mere introduction and not factual allegations. American does not need to admit or deny. To the extent they are construed as substantive factual allegations, American is without knowledge, therefore denied.

### PARTIES, JURISDICTION, AND VENUE

1. American admits that Plaintiff seeks damages in excess of $50,000 exclusive of costs, attorneys' fees, and interest. To the extent this allegation requires further response, any further allegations in this Paragraph are denied.

2. American is without sufficient knowledge to form a belief as to the truth of the allegations made in this Paragraph, and they are accordingly denied.

1

3. American admits the allegations in this Paragraph.

4. American admits the allegations in this Paragraph.

5. American admits the allegations in this Paragraph.

6. American is without sufficient knowledge to form a belief as to the truth of the allegations made in this Paragraph, and they are accordingly denied.

## FACTUAL BACKGROUND

7. American admits that on March 7, 2024, a Boeing 777-300 aircraft operated by American, Flight No. 929 (FAA Registration No. N736AT)("American Aircraft") came into contact with an Airbus A321NEO aircraft operated by Frontier (FAA Registration No. N630FR)("Frontier Aircraft") at Miami International Airport ("MIA"). American is without sufficient knowledge to admit or deny the remaining allegations made in this Paragraph, and they are accordingly denied.

8. American is without sufficient knowledge to form a belief as to the truth of the allegations made in this Paragraph, and they are accordingly denied.

9. American admits the allegations in this Paragraph.

10. American admits that the American Aircraft was parked at a Gate in E Terminal and was cleared to push back from the gate. American denies the remaining allegations of this Paragraph.

11. American admits that the Frontier Aircraft was parked at Gate F9. American is without sufficient knowledge to admit or deny the remaining allegations made in this Paragraph, and they are accordingly denied.

12. American is without sufficient knowledge to form a belief as to the truth of the allegations made in this Paragraph, and they are accordingly denied

13. American is without sufficient knowledge to form a belief as to the truth of the allegations made in this Paragraph, and they are accordingly denied.

14. American admits that the American Aircraft came into contact the Frontier Aircraft's vertical stabilizer. American denies the remaining allegations of this Paragraph.

15. The photographs are obscured and indecipherable therefore, American is without sufficient knowledge to form a belief as to the truth of the allegations made in this Paragraph, and they are accordingly denied.

16. The photographs are obscured and indecipherable therefore, American admits only that the American Aircraft came into contact with the Frontier Aircraft's vertical stabilizer. American denies the remaining allegations of this Paragraph.

17. American admits the allegations in this Paragraph.

18. American admits the allegations in this Paragraph.

19. American is without sufficient knowledge to form a belief as to the truth of the allegations made in this Paragraph, and they are accordingly denied.

20. American denies the allegations in this Paragraph.

21. American admits entering into a partial settlement and paying only the cost to repair and restore the physical damage to the Frontier Aircraft. American denies the remaining allegations in this Paragraph.

22. American admits that the partial settlement only resolved Plaintiff's physical damage claim for the Frontier Aircraft. American denies the remaining allegations in this Paragraph.

23. American denies the allegations in this Paragraph.

24. American denies the allegations in this Paragraph.

## COUNT I - NEGLIGENCE

25. American incorporates its responses to all said Paragraphs as stated above.

26. American admits the allegations in this Paragraph.

27. American admits that it owes certain duties as a matter of law. American denies the remaining allegations in this Paragraph.

28. American denies the allegations in this Paragraph.

29. American denies the allegations in this Paragraph.

    a. American denies the allegations in this Paragraph.

    b. American denies the allegations in this Paragraph.

    c. American denies the allegations in this Paragraph.

    d. American denies the allegations in this Paragraph.

    e. American denies the allegations in this Paragraph.

    f. American denies the allegations in this Paragraph.

    g. American denies the allegations in this Paragraph.

30. American denies the allegations in this Paragraph.

31. American denies the allegations in this Paragraph.

32. American denies the allegations in this Paragraph.

33. American denies the allegations in this Paragraph.

    a. American denies the allegations in this Paragraph.

    b. American denies the allegations in this Paragraph.

    c. American denies the allegations in this Paragraph.

    d. American denies the allegations in this Paragraph.

    e. American denies the allegations in this Paragraph.

34. American admits entering into a partial settlement and paying only the cost to repair and restore the physical damage to the Frontier Aircraft. American denies the remaining allegations in this Paragraph.

35. Plaintiff's allegations are legal conclusions. American need not admit or deny. American is without knowledge. Therefore, American denies.

American denies that Plaintiff is entitled to the relief sought in the ad damnum clause following the preceding Paragraph.

## COUNT II – GROSS NEGLIGENCE

36. American incorporates its responses to all said Paragraphs as stated above

37. American admits the allegations in this Paragraph.

38. American admits that it owes certain duties as a matter of law. American denies the remaining allegations in this Paragraph.

39. American denies the allegations in this Paragraph.

40. American admits knowledge of certain mandatory safety requirements regarding operations at Miami International Airport. American denies the remaining allegations in this Paragraph.

41. American denies the allegations in this Paragraph.

42. American denies the allegations in this Paragraph.

43. American admits that the American Aircraft contacted the Frontier Aircraft on March 7, 2024. American admits that a separate American aircraft made contact with a Frontier aircraft at Boston Logan International Airport. American denies the remaining allegations in this Paragraph.

44. American denies the allegations in this Paragraph.

45. American denies the allegations in this Paragraph.

46. American denies the allegations in this Paragraph.

47. American denies the allegations in this Paragraph.

48. American denies the allegations in this Paragraph

49. American denies the allegations in this Paragraph.

50. American denies the allegations in this Paragraph.

51. American denies the allegations in this Paragraph.

    a. American denies the allegations in this Paragraph.

    b. American denies the allegations in this Paragraph.

    c. American denies the allegations in this Paragraph.

    d. American denies the allegations in this Paragraph.

    e. American denies the allegations in this Paragraph.

52. American admits entering into a partial settlement and paying only the cost to repair and restore the physical damage to the Frontier Aircraft. American denies the remaining allegations in this Paragraph.

53. American denies that Plaintiff is entitled to the damages claimed and admits to not paying such. American denies the remaining allegations in this Paragraph

54. American denies the allegations in this Paragraph.

American denies that Plaintiff is entitled to the relief sought in the ad damnum clause following the preceding Paragraph.

## **COUNT III – NEGLIGENT TRAINING AND SUPERVISION**

55. American incorporates its responses to all said Paragraphs as stated above

56. American denies the allegations in this Paragraph.

57. American denies the allegations in this Paragraph.

58. American admits that it owes certain duties as a matter of law. American denies the remaining allegations in this Paragraph.

59. American admits that it has knowledge of industry regulations. American denies the remaining allegations in this Paragraph.

60. American denies the allegations in this Paragraph.

61. American denies the allegations in this Paragraph.

    a. American denies the allegations in this Paragraph.

    b. American denies the allegations in this Paragraph.

    c. American denies the allegations in this Paragraph.

    d. American denies the allegations in this Paragraph.

    e. American denies the allegations in this Paragraph.

    f. American denies the allegations in this Paragraph.

62. American denies the allegations in this Paragraph.

63. American denies the allegations in this Paragraph.

64. American denies the allegations in this Paragraph.

65. American denies the allegations in this Paragraph.

    a. American denies the allegations in this Paragraph.

    b. American denies the allegations in this Paragraph.

    c. American denies the allegations in this Paragraph.

    d. American denies the allegations in this Paragraph.

    e. American denies the allegations in this Paragraph.

66. American admits entering into a partial settlement and paying only the cost to repair and restore the physical damage to the Frontier Aircraft. American denies the remaining allegations in this Paragraph.

67. American denies each and every allegation in the complaint, not herein admitted, controverted or specifically denied.

American denies that Plaintiff is entitled to the relief sought in the ad damnum clause following the preceding Paragraph.

**REQUEST FOR A JURY TRIAL**

No response is required to this allegation. American likewise demands a jury trial on all issues so triable.

**AFFIRMATIVE DEFENSES AND ALLEGATIONS**

American hereby asserts the following affirmative defenses and allegations as to Plaintiff's claims.

1. Plaintiff fails to state a claim upon which relief can be granted.

2. American denies any liability to Plaintiff. However, if liability should exist, American states that it is only liable for its proportionate share of fault, if any, pursuant to Fla. Stat. § 768.81 and *Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993), and its progeny. American states that Plaintiff's damages were caused, in whole or in part, by other parties to this case, or other entities not joined to this case. Pursuant to *Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993), and its progeny, and the doctrines of contributory and comparative negligence or fault, these entities' liability should be apportioned by the jury and any award against American should be reduced in accordance with the portion of liability attributed to these individuals and entities. There may be

other parties that have not been named as Defendants or joined to this action whose identities are unknown at this time that may require a similar designation.

3. In the event that evidence is adduced in discovery or at trial that Plaintiff took any action that contributed to its own legal injuries or damages, American pleads that such fault would constitute the defenses of contributory negligence and comparative fault as to the Plaintiff, and such claims of Plaintiff may be barred or reduced. Plaintiff failed to mitigate its damages.

4. American claims any credit, set-off, or reduction by the amount of any settlement or other payments that Plaintiff or any person whom Plaintiff is claiming damages on behalf of has received from American, other entities or releasing other entities from liability for their damages arising from the damage to the aircraft, or any collateral source within the meaning of Fla. Stat. § 768.76.

5. Plaintiff's damages were caused, in whole or in part, by a superseding or intervening cause, which were in no way caused or contributed to by American, and American thus cannot be held liable for Plaintiff's damages.

6. If there was any negligence that caused or contributed to Plaintiff's injuries or damages, it was solely the result of negligence on the part of third parties who were within the care, custody, control, or supervision of entities other than American, and therefore Plaintiff cannot recover against American.

7. Certain of Plaintiff's claimed damages are not recoverable damages as a matter of law, either because they are not foreseeable damages or because they are not recognized as recoverable property damages under the law applicable to this incident.

8. American asserts that it breached no duty owed to Plaintiff.

9. American's actions were not the cause and/or proximate cause of Plaintiff's alleged legal injuries and/or any other alleged damages.

10. American asserts the equitable defenses of estoppel, waiver, laches, accord and satisfaction and/or release.

11. American asserts that the training and supervision questioned in Plaintiff's Complaint complied with all applicable laws, rules, regulations and standards.

12. American alleges that it complied with all applicable federal statutes and regulations, including the Federal Aviation Regulations, at all relevant times.

13. American asserts that Plaintiff is not entitled to recover punitive damages.

14. If there is any actionable liability of American, the existence of which is specifically denied, American affirmatively states Plaintiff has failed to take all reasonable steps to mitigate their damages.

15. Plaintiff's claims as set forth in the Complaint are barred because their claims have been settled and released in whole or in part.

16. Plaintiff has not satisfied the conditions precedent necessary to recover against American.

17. American reserve the right to amend this Answer and Affirmative Defenses to allege any and all additional defenses which discovery may reveal to be appropriate.

**PRAYER**

WHEREFORE, American respectfully prays that Plaintiff take nothing by way of his claims for relief and that judgment be entered in favor of American, that American be awarded its costs, and for all other relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Florida Rule of Civil Procedure 1.430, Piper demands a trial by jury upon all issues so triable, as to all claims and defenses asserted in this action.

## Certification Regarding Service

We hereby certify that a true and correct copy of the foregoing was served via Florida E-Portal or via email upon all counsel of record who have entered an appearance in this action on this 30th day of January 2026.

Dated: 30th day of January 2026

Respectfully submitted,

*/s/ Alex J. Whitman*
Ross Cunningham
*Pro Hac Vice Forthcoming*
Alex J. Whitman
Florida Bar No. 86276
**CUNNINGHAM SWAIM, LLP**
4015 Main Street, Suite 200
Dallas, Texas 75226
Telephone: (214) 646-1495
Facsimile: (214) 613-1163
rcunningham@cunninghamswaim.com
awhitman@cunninghamswaim.com

**ATTORNEYS FOR DEFENDANT AMERICAN AIRLINES INC.**